## SUPREME COURT.

### Holmes agt. Slocum.

A referee has no authority to report that the defendant is entitled to judgment of *a dismissal of the complaint*.

He has no power to dismiss a complaint and turn a party out of court, for unreasonable neglect to proceed in the cause. Nor to order an amendment of the pleadings or to change the issue which the court has sent to be tried.

*It seems,* that the practice to compel a plaintiff to bring a cause to a hearing befote a referee, should be the same under the general provisions of rule 92, as under the rules (43) of 1847. The rules of·1849 making no specific provision in such cases.

*Yates Circuit and Special Term, October* 1851. *Motion to set aside report of referee for irregularity.* The action was brought to recover on an account and was referred by stipulation. The defendant noticed the cause for hearing before the referee for the 10th of July, and it was postponed by stipulation to the 21st of July. On the latter day the plaintiff served an order staying proceedings which the defendant disregarded. The plaintiff did not attend before the referee to try the cause. The defendant appeared and the referee reported " that the defendant is entitled · to judgment of a dismissal of the complaint."

R. P. Wisner, *for Motion.*

W. H. Kelsey. *Opposed.*

Johnson, Justice.—The affidavits do not show that the report of the referee has been filed, nor that any attempt has been made to enter any judgment upon it or to use it in any way to affect the plaintiff's right to proceed with his cause. It is clear that this is no report upon which any judgment could be entered as a matter of course.

The report of the referee upon *the whole issue* stands as the decision of the court and judgment may be entered thereon in the same manner as if the action had been tried by the court (*Code,* § 272; *Rule* 24). This is no report upon the whole issue or any part of it, and consequently no judgment of any kind could be rendered upon it without application to the court upon motion and notice.

Where a cause is referred to a referee to hear and decide the whole issue, he is invested with all the necessary power and authority over the cause and over the parties to enable him to hear and determine every thing which properly belongs to the trial of a cause. He is to try the issue which the court sends to him to be tried. But for every other purpose the action and the parties remain in court. The referee has no right to order an amendment of the pleadings or to change the issue which the court has sent to be tried. Nor can he dismiss a complaint and turn a plaintiff out of court for unreasonable neglect to proceed in the cause.

These are mere matters of practice which belong solely to the court and over which the referee has no jurisdiction.

The power of a referee in regard to causes referred to him to hear and decide is not essentially enlarged or altered by the Code, § 421. And surely it was never heard that a referee could render judgment as in case of non suit or make any order in a cause upon which such a judgment could be entered of course. The dismissal of the complaint is equivalent to judgment as in case of non suit under the former practice, and is a substitute for it.

It is said this practice has prevailed to a considerable extent since the Code, but it is clearly unauthorized, and should be corrected. But, it is asked, how is the defendant to compel the plaintiff to proceed in the action after it is referred?

Rule 23 provides that the defendant may move for a dismissal of the complaint whenever an issue of fact is joined and the plaintiff shall fail to bring the same to trial according to the course and practice of the court (see also Code, § 274). Before the rules of 1849, " the course and practice of the court" in regard to cases referred was this. If the plaintiff did not bring the same to a hearing within forty days after the reference was ordered, the defendant was at liberty to serve him with a notice requiring him to bring the cause to a hearing within forty days thereafter, and if the plaintiff failed to comply the defendant moved for judgment as in case of non suit (*Rule* 43. *of Rules of* 1847; *Rules of* 1845). As the rules of 1849 make no specific provision upon this subject, I apprehend the former practice is still in force under the general provisions of rule 92. Formerly,

Holmes agt. Slocum.

if the plaintiff did not proceed and bring his cause to a hearing, the defendant applied to the court for leave to notice the same for hearing on his part, and if on such notice the plaintiff failed to appear, the defendant proceeded before the referee and might take a report that nothing was due the plaintiff, or if he claimed any thing to be due him by the pleadings, introduce his evidence and take the report in his favor for the amount proved to be due (Bissell vs. Lee, 16 *Johns.* 45; Shelden vs. Erie C. P., 12 *Wend.* 268). But this was changed by the rules of 1845.

It is unnecessary to examine the question whether a defendant can notice a cause for trial before a referee in this case, as it was adjourned by stipulation. Section 256 of the Code, which authorizes either party to give notice of trial at least ten days *before the court,* and furnish the clerk with a note of issue seems to relate exclusively to issues to be tried at the circuit; and section 258 of the Code, which authorizes the party giving the notice to bring the issue to trial and in the absence of the adverse party to proceed with his case and take a dismissal of the complaint, unless *the court* for good cause otherwise direct, clearly has no reference to a trial before a referee.

But I can see no necessity for making this motion. It is clear that a referee can not turn a party out of court, and any attempt on his part to do so would be a mere nullity. He may nonsuit a plaintiff upon a trial because his proof does not sustain his cause of action; but that is a decision upon the merits on the trial of the issue, and has nothing to do with the question before us. Should the defendant attempt to enter judgment on this report without notice to the plaintiff the court would interfere and set the order or judgment aside as irregular.

But for aught that is made to appear, the plaintiff may now proceed with his cause before the referee. It has not been heard or decided. There has been no trial and no decision except upon a mere question of practice. Perhaps, however, to avoid all question as to the right of the plaintiff still to proceed with his cause before the referee, it is better to order this report to be set aside, and all subsequent proceedings, if any have been had.

Ordered accordingly.