CHARLES D. MATHEWS *v.* ROBERT JONES.

A referee, to whom a cause is referred generally, for trial, must report, upon the issues referred to him, for the defendant or for the plaintiff, and he has no power, in default of the plaintiff to attend before him, to order that the complaint be dismissed; nor upon such a report can the defendant enter up a judgment of dismissal.

An order, denying a motion to set aside such a report, was an appealable order under the code of 1851, and is not contemplated by the rule of this court, adopted

March 22, 1851, providing for the review of questions of practice in cases in which no appeal under the code could be brought.

An action continues before the court, notwithstanding its reference. The *issues*, only, are referred, and the referee can make no order in the cause, except to adjourn the trial.

*It seems*, that a referee may grant a certificate of the plaintiff's neglect or delay, or of any other fact, which the parties may use, on a motion to the court, as evidence of what has transpired before him.

Sections 256 and 258, of the code of 1851, providing, among other things, that either party may notice the cause for, and bring the issue to trial, had no application to proceedings before referees.

Whether, under the amendments made to § 272, in 1852, the defendant may give the notice of trial before referees; *quere?*

The court has power to order that any question, arising at the special term, be submitted to the general term, and may stay the proceedings in the cause until a decision is made.

THIS was an appeal by the plaintiff from an order entered at special term, denying a motion to set aside the report of a referee. The facts are stated in the opinion.

*William H. Taggard*, for the plaintiff.

*M. G. Harrington*, for the defendant.

BY THE COURT. WOODRUFF, J.—The defendant herein noticed the cause for trial before the referee. The plaintiff not attending at the time and place appointed by the referee for the trial, and designated in the defendant's notice, the referee made his report of that fact, and that the defendant attended, made due proof of the service of such notice of trial, and produced to him the pleadings, which being considered by him, it appeared that the proof of the issue devolved on the plaintiff, and he therefore "found for the defendant, and that the complaint ought to be dismissed and the defendant have judgment, with costs, or that the plaintiff be nonsuited, with costs."

Upon receiving notice of this report, the plaintiff moved to set the report aside for irregularity, and on the hearing of the motion, it appeared that before the notice of motion was given, the defendant had entered up a judgment upon the report for

Mathews v. Jones.

the sum of three hundred and twenty six dollars and fifty five cents, for his costs and disbursements herein.

The court, at special term, denied the motion, with costs; but without prejudice to a motion to set aside the proceedings on the merits, if the plaintiff thought proper to move therefor.

From the order entered upon that decision, the plaintiff brought this appeal.

Irregularity on the part of the defendant, is the only ground assigned in the order to show cause upon which the motion was heard, and the only irregularity alleged is, that the defendant had no right to notice the cause for trial before the referee, and that the referee had no right to proceed on the defendant's notice, or make any report in the premises.

It is stated by the defendant's counsel, in his argument submitted herein, that no appeal to the general term has been taken from the order in question, and no formal notice of appeal does in fact appear among the papers submitted.

I think the order was an appealable order under the 349th section of the code, as amended in 1852, and, therefore, the order was not such an one as is contemplated by the rule of this court of March 22, 1851, providing for the review of questions of practice, in cases in which no appeal under the code could be brought. But I have no doubt of the power of the court to order that a question arising at special term be submitted to the general term, and that the proceedings be stayed for that purpose. Besides, the order submitted, with the papers, directs the submission of the "appeal herein" to the general term, and the notice of hearing is a notice that the "appeal" will be brought to argument; and although it was proper to have submitted the notice of appeal, with the papers, the order warrants the inference that an appeal has in fact been taken, and the proceedings stayed until its determination. If there has, in this respect, been any misapprehension, the court would, if the order at special term be deemed erroneous, allow such a rehearing of the motion as should enable the court to correct it.

The only proper questions to be considered are, the right of

the defendant to notice the cause for trial, and the propriety of the report of the referee. Whether it was proper to enter judgment thereon, without application to the court, is not before us, because the existence of the judgment was not known to the plaintiff when the order to show cause was granted, and he does not therein ask that it be set aside. He may, however, properly insist, that the judgment shall not *prevent* the setting aside of the report; and although I think that the judgment was irregularly entered, even if it was proper for the defendant to notice the cause for trial, that is not the question before us.

I have not been able to bring my mind to the conclusion that section 256 of the code has any application to a trial before referees. In express terms, it requires the party giving the notice to furnish the *clerk* of the court with a note of the issue, and the clerk is thereupon to enter the cause upon the *calendar*, and the notice of trial must be given at least *ten days before the court*.

These are all provisions of a single section, all closely connected with each other, and wholly inapplicable to a trial before referees; and the 258th section, which alone is relied upon as warranting a dismissal of the complaint in the absence of the plaintiff, is expressly qualified by providing for, and, to my mind, plainly contemplating, the presence and discretion of the *court ;* thus, either party giving the notice, may bring the issue to trial, and in the absence of the adverse party, "unless *the court for good cause otherwise direct,* may proceed and take a dismissal of the complaint, or," &c.

Surely this has no application to a trial before referees, not conducted in the presence of the court, nor under circumstances in which the *court* can give any direction in the matter.

But it is said that the referees are, for this purpose, to be deemed the court. Not so. The distinction between the court and the referees is kept up throughout the code, (see §§ 254, 267, 271, 272, 273,) and all *other* sections in which either is mentioned; and the very section relied upon, § 258, provides that a separate trial between the plaintiff and any of the seve-

ral defendants, may be allowed by the court, whenever, in its opinion, justice will thereby be promoted. This is a part of the same section supposed to authorize the defendant to bring the issue to trial before the referee, and yet it will hardly, I think, be claimed that the referee can allow any such separate trial. The cause remains before the court. It is only the trial of the issues that is referred. The referee can make no order in the case, except to adjourn the trial.

It is said that the report of the referee stands as the decision of the court. Very true : his report "*upon the whole issue*" stands as the decision of the court, but that neither makes the referee *the court*, nor makes his report upon any thing but the whole issue stand as such decision.

Nor, when the whole issue is referred, does it authorize the referee to report upon any thing else but the *issue between the parties*. He may, perhaps, grant a certificate of the plaintiff's neglect or delay, or of any other fact which the parties may use (as evidence of what transpires before him) on a motion to the court.

It is true that a trial before the referee is conducted in the same manner as a trial by the court, but it is a *trial* of the *issues* referred ; and when he reports that he has been attended by the defendant, and that the plaintiff did not appear, and no proofs are taken, and no facts are admitted by the pleadings, he has tried nothing, and he has reported nothing *respecting* the *issues*. Without pursuing the subject further, I may add, that I concur with Justice Johnson in the result to which he arrived in *Holmes* v. *Slocum*, 6 How. Pr. Rep. 217.

It may be, that under the amendments made in 1852, the defendant may be entitled to give the notice of trial, (*vide* § 272, as amended,) but it is to my mind doubtful whether the new language, introduced in that section, was intended to do more than supply what had been omitted before, namely, to say upon what notice a trial before referees could in any case be brought on.

I think the order at special term should be reversed, and the report be set aside, the costs of the motion and the like costs

on this appeal, $10, to abide the event of the suit. I do not think the report should be treated as a nullity. The referee was directed to report upon the *issues*. In his report he says, "*I find for the defendant.*" If this finding had been unaccompanied by explanations of the reasons why he found for the defendant, it would have been conclusive as a *finding* of *fact*, and the only questions referred to him being questions of fact, such a finding, ought not to be suffered to stand on the record, when in truth no investigation of the facts has been had. Indeed, the provisions of the 272d section, (which were, undoubtedly, the reasons for this form of finding,) requiring the referee to report the *facts found* and the *conclusions of law* separately, seem to me to confirm the views above expressed, and forbid the idea that he has any reports to make where there has been no trial of the merits.

Order reversed, costs to abide the event of the suit.